# James I. Houseweart et al., Appellants, v. Edward Doocy et al., Appellees.

1. ROADS AND BRIDGES—*duty of highway commissioners.* The duty

to keep roads and bridges in ordinary repair is primarily imposed upon the commissioners, notwithstanding such duty is secondarily delegated to overseers to be appointed by such commissioners. If the overseers fail to act the commissioners must assume the responsibility.

2. ROADS AND BRIDGES—*when payment to commissioners is to be made from town funds.* If overseers appointed by the commissioners fail to make repairs according to their duty and the commissioners themselves make such repairs they are entitled to be compensated and their compensation is properly to be paid not out of the special road and bridge fund but out of the town fund.

Bill in equity. Appeal from the Circuit Court of Pike county; the Hon. GUY R. WILLIAMS, Judge, presiding. Heard in this court at the May term, 1911. Affirmed. Opinion filed November 2, 1911.

L. T. GRAHAM and WILLIAM MUMFORD, for appellants.

W. E. and A. CLAY WILLIAMS, for appellees; EDWARD DOOCY, *pro se.*

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal from a decree of the circuit court dismissing for want of equity a bill filed by a number of taxpayers in the town of Pittsfield, in Pike county, against the supervisor and custodian of the town fund of said town, the commissioners of highways of said town, the town of Pittsfield, and the First National Bank of Pittsfield. The purpose of the bill was to enjoin the supervisor from paying out of the town fund certain warrants theretofore issued to said commissioners of highways.

The controversy arises out of the following facts: The defendants, commissioners of highways of said town, each presented a claim to the board of town auditors to be allowed against the town fund, for eighty-eight days' labor as highway commissioners at the rate of two dollars a day. The claims were allowed, and there being no money in the hands of the supervisors, town warrants issued for the same, in anticipation of

the town fund which would come into the hands of the supervisors several months thereafter. The evidence shows that the claims in question were for work done on the road by said commissioners, which the law contemplates shall be done by overseers. It further appears that each of said commissioners appointed one or more overseers in his district, but that said overseers so appointed entirely failed and neglected to perform their duties. The chancellor was not unwarranted in finding that the commissioners acted in good faith in attempting to induce the overseers appointed by them to act and that failing in this they acted themselves. The principal question here involved is whether or not said highway commissioners should be paid out of the road and bridge fund, which is levied and raised for the purpose of realizing funds with which to make repairs on roads and bridges, or whether they are entitled to be paid in their capacity as highway commissioners, out of the town funds.

Section 2 of chapter 121, Revised Statutes, entitled "Roads and Bridges," provides that "the Commissioners of Highways shall have charge of the roads and bridges of their respective towns, and it shall be their duty to keep the same in repair, and to improve them so far as practicable." Section 3 provides that "they may divide the work, let contracts, appoint overseers, employ laborers or such other agencies as they may deem expedient and most to the interest of the town." By section 90, the statute also provides for the appointment of overseers, and by section 91 prescribes the duties of such overseers; that among other duties, the overseers shall "repair and keep in order the highways within their several districts for which they shall have been appointed," "shall warn all persons from whom road labor is due to work on the highways," etc.; "shall collect all fines and commutation money, and execute all lawful orders of the commissioners of high-

ways," and "shall deliver to the town clerk the list of inhabitants who are liable to work on highways." By section 95 of the same act, it is provided that "if the overseers of highways fail to perform their duties, the commissioners of highways shall have power to perform such duties, or cause the same to be performed under such rules as they may prescribe." Section 108 prescribes the manner and method of giving notice and warning men to work on the roads, furnish teams, implements, etc., and provides that they shall perform their work "agreeable to the directions of such overseer of the highways," and concludes with the proviso, "If the overseers of highways fail to perform their duties, the commissioners of highways shall have power to perform such duties or cause the same to be performed under such rules as they may prescribe."

By reference to the foregoing sections of the statute it will be observed that the duty to keep roads and bridges in repair and order is primarily imposed upon the commissioners and that notwithstanding such duty is secondarily delegated to overseers to be appointed by such commissioners and paid out of the road and bridge fund, the latter are not thereby wholly relieved from responsibility. Their general duty in this respect is a continuing one and in the event of a failure of the overseers to act the commissioners must assume the responsibility which still rests upon them, and if they fail to do so they are subject to a penalty. Inasmuch as the statute provides that the compensation of overseers shall be paid out of the special road and bridge fund and their claims therefor audited by the commissioners it is manifest that if the latter are paid at all for performing the duties of superintendence devolved upon them by the failure of the overseers to act, it must be from the town fund and as commissioners and not as overseers. Otherwise they would be called upon to audit their own claims which neither the

law nor public policy would tolerate. It cannot be that they were legally bound to render the services cast upon them, and which the evidence discloses they performed, without compensation. It follows necessarily that they are entitled to and must be paid out of the town fund. If it be true, as contended, that the effect of the law is to impose upon the town a burden which should in fairness and equity be borne by the road and bridge fund, relief should be sought from the legislature rather than the courts. The findings and decree are in accordance with the foregoing views and are fully warranted under the law.

The decree of the circuit court is therefore affirmed.

*Affirmed.*